02D01-2307-PL-000263
Allen Superior Court 1

Filed: 7/7/2023 8:48 AM
Clerk
Allen County, Indiana
DM

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO. _____ |

WILFRED E. BANKS                )
                                )
   Plaintiff,                   )
                                )
      v.                        )
                                )
MICHELIN NORTH AMERICA,         )
INC.                            )
d/b/a BF GOODRICH               )
CORPORATION                     )
TIRE MANUFACTURING PLANT        )
(FORT WAYNE PLANT)              )

   Defendant.

## COMPLAINT FOR DAMAGES

Plaintiff Wilfred Earl Banks ("Plaintiff"), by counsel, for his Complaint for Damages, alleges and states as follows:

1. Wilfred E. Banks is a resident of Allen County, Indiana.

2. Defendant ("Michelin") is a for-profit corporation headquartered in Allen County, Indiana.

3. This case involves a claim under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.,* as well as a race discrimination claim under 42 U.S.C. § 1981.

4. Venue is appropriate in this court, because all of the acts at issue occurred in Allen County, Indiana.

## BACKGROUND

5. Mr. Banks worked for Michelin for approximately 18 years.

6. At all relevant times, Mr. Banks was covered by the FMLA.

7. In the summer of 2022, Mr. Banks applied for FMLA leave in connection with a serious injury to his son.

8. In support of the application, the health care provider for Mr. Banks' son submitted a standard Certification of Health Care Provider (CHCP) form to Michelin's agent for handling FMLA requests.

9. Michelin's agent did not act on Mr. Banks' request fast enough, and hence Mr. Banks' FMLA leave was required to be granted for that reason alone.

10. Separately, despite knowing that Mr. Banks' FMLA request was legitimate, and that the CHCP form was in order, Michelin and/or its agent refused to accept the CHCP form.

11. Instead, Michelin and/or its agent repeatedly asked that Mr. Banks obtain new and different CHCP forms from the health care provider.

12. With each request, Mr. Banks went back to the health care provider, which in turn sent in a new CHCP form with the requested information.

13. All told, this happened five or more times.

14. Each time, Michelin and/or its agent had sufficient information to approve Mr. Banks' FMLA leave.

15. In the meantime, Mr. Banks took time off pursuant to his FMLA leave, and Michelin's agent approved those days as FMLA-qualifying.

16. However, in August of 2022, Michelin and/or its agent declared that Mr. Banks' FMLA submissions were insufficient, and hence it disallowed the FMLA time off that it had previously approved.

17. Based on the disallowed time off, Michelin moved to terminate Mr. Banks' employment.

18. Throughout the termination process, Mr. Banks supplied more information to Michelin and offered to connect Michelin with the health care provider's office in order to verify the need for FMLA leave.

19. Michelin's management acknowledged that the situation was "confusing," but in the end, it rebuffed Mr. Banks' efforts, denied his FMLA leave, and terminated his employment.

20. At the meeting Michelin held to terminate Mr. Banks' employment, Mr. Banks offered to telephone the doctor's office to clarify any paperwork confusion right then and there, but management refused, saying "it's a done deal."

21. At the same meeting, management also required Mr. Banks to decide immediately whether he wished to retire instead of being terminated.

22. When Mr. Banks asked if he could have 10 minutes to call his attorney, management declined.

23. As a result, Mr. Banks was forced to resign.

24. At or around the same time, the health care provider sent an additional CHCP form that verified Mr. Banks' need for leave.

25. Michelin disregarded this form, just as it disregarded all the other forms.

**26.** Under the circumstances, Mr. Banks was constructively discharged from Michelin.

## COUNT I

27. Mr. Banks incorporates the allegations of Paragraphs 1 through 26 of this Complaint as if fully restated in this paragraph.

28. As noted above, Michelin's decision to terminate Mr. Banks' employment violated his rights under the FMLA.

29. Michelin interfered with Mr. Banks' rights under the FMLA, and it also retaliated against him for exercising those rights.

30. Michelin's violations of the FMLA were willful.

31. As a result of Michelin's actions, Mr. Banks has been damaged, and he is entitled to double damages, costs, attorney's fees and all other just and proper relief under the FMLA.

WHEREFORE, Plaintiff Mr. Banks, by counsel, respectfully requests judgment against Michelin, actual and statutory damages, costs, attorney's fees and all other just and proper relief.

## **COUNT II**

32. Mr. Banks incorporates the allegations of Paragraphs 1 through 31 of this Complaint as if fully restated in this paragraph.

33. Michelin's refusal to acknowledge that Mr. Banks' FMLA paperwork was sufficient, as well as its refusal to work with him reasonably to cure any alleged deficiencies, was based on a discriminatory animus due to Mr. Banks' race.

34. Non-black employees with similar FMLA requests were treated more favorably than Mr. Banks.

35. Michelin's discriminatory treatment violated 42 U.S.C. § 1981.

36. As a result of Michelin's actions, Mr. Banks has been damaged, and he is entitled to recover backpay and frontpay, compensatory and punitive damages, costs, attorney's fees and all other just and proper relief.

WHEREFORE, Plaintiff Mr. Banks, by counsel, respectfully requests judgment against Michelin, backpay and frontpay, compensatory and punitive damages, costs, attorney's fees and all other just and proper relief.

5

Respectfully submitted,

**BECKMAN LAWSON, LLP**

By: */s/ Matthew J. Elliott*
Matthew J. Elliott, #21242-02
melliott@beckmanlawson.com
201 West Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422-0800
Attorney for Plaintiff